**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-7136**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TODD BELL,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:09-cr-00219-RDB-3)

Submitted: May 30, 2023                     Decided: June 26, 2023

Before NIEMEYER, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd Bell, Appellant Pro Se. Jason Daniel Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Bell appeals from the district court's order and amended judgment granting his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), and reducing his sentence to 332 months' imprisonment. Bell sought a reduction to time served, asserting that the elimination of the "stacking" of sentences under 18 U.S.C. § 924(c) pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"), was an extraordinary and compelling reason for his release. We affirm.

Courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), and we review a district court's ruling on the motion for abuse of discretion, *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). "[D]istrict courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks omitted). But a reduction may not be granted without first considering the 18 U.S.C. § 3553(a) sentencing factors to the extent applicable. *Kibble*, 992 F.3d at 331. District courts have "broad discretion" in analyzing the relevant sentencing factors. *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022) (internal quotation marks omitted). And "it weighs against an abuse of discretion—and is viewed as significant—when the same judge [as in this case] who sentenced the defendant rules on the compassionate release motion." *Id*. "[T]here's a strong indication that the judge knows of the defendant's circumstances, both favorable and unfavorable, and considers the totality of the record when assessing whether a different sentence is now warranted." *Id*.

2

In *McCoy*, we held that the district court may treat "the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act" as "extraordinary and compelling reasons" for compassionate release. *McCoy*, 981 F.3d at 286. We acknowledged that Congress did not make the changes to the stacking rules retroactively applicable and thus does not "mandate more lenient sentences across the board but instead gives new discretion to the courts to consider leniency." *Id*. at 288. We must determine whether the court set forth enough to show "that it has *considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decisionmaking authority[.]" *United States v. High*, 997 F.3d 181, 190 (4th Cir. 2021) (cleaned up).

We conclude that the district court did not abuse its discretion in determining that the § 3553(a) factors did not warrant a reduction greater than the one granted by the court. The district judge who considered Bell's motion was the same judge who originally sentenced him, a factor that is significant in determining whether the court properly exercised its discretion. *Id*. at 189. The court also explicitly considered Bell's rehabilitative efforts and the sentences received by his codefendants, but concluded that those factors did not outweigh the seriousness of the convictions, Bell's criminal history, and the risk of recidivism.

Accordingly, we affirm the district court's order and amended judgment and deny Bell's motion for relief from judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*